UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA BACH,

    Plaintiff,

v.                                                                       Case No. 8:18-cv-1965-T-SPF

ANDREW M. SAUL,[1]
Commissioner of the Social
Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on June 5, 2015 (Tr. 189–95). The Commissioner denied Plaintiff's claim both initially and upon reconsideration (Tr. 91–95, 99–103). The ALJ held a hearing at which Plaintiff and her husband, David E. Bach, appeared and testified (Tr. 36–56). Following the hearing, the ALJ issued an unfavorable decision finding

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

Plaintiff not disabled and, accordingly, denied Plaintiff's claim for benefits (Tr. 13–35). Subsequently, Plaintiff requested review from the Appeals Council, which was denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## **FACTUAL BACKGROUND AND THE ALJ'S DECISION**

Plaintiff, who was born in 1965, claimed disability beginning May 1, 2014 (Tr. 27, 189). Plaintiff obtained a high school education (Tr. 27, 40). Plaintiff's past relevant work experience included work as a medical assistant, bank teller, customer service representative, bank branch manager, and restaurant manager (Tr. 52). Plaintiff alleged disability due to bulging discs, sciatic nerve issues, anxiety disorder, gastrointestinal reflux disease (GERD), and high cholesterol (Tr. 61).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2018, and had not engaged in substantial gainful activity since May 1, 2014, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disk disease of the lumbar spine, obesity, and anxiety disorder (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following additional limitations: Plaintiff can lift up to twenty pounds occasionally and lift or carry ten pounds frequently. She can

stand or walk for approximately six hours and sit for approximately six hours in an eight-hour workday with normal breaks. She can occasionally climb ladders, ropes, scaffolds, ramps or stairs, balance, stoop, crouch, kneel, and crawl. She must avoid concentrated exposure to extreme cold, extreme heat, excessive wetness, humidity, excessive vibrations, and hazards. She can perform unskilled, SVP 1-2, jobs with simple, routine and repetitive tasks (Tr. 21).

After considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 27). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy (Tr. 28). Based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 29).

## **LEGAL STANDARD**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397,

1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## **ANALYSIS**

Plaintiff argues that the ALJ erred by failing to fully and fairly develop the record on the severity and longitude of the Plaintiff's headaches. Particularly, Plaintiff claims that the ALJ failed to elicit testimony, at the administrative hearing, about the frequency and depth of Plaintiff's migraines. The Commissioner counters that the ALJ properly developed the record and that, even if the ALJ failed to develop the record, Plaintiff showed no prejudice that warranted remand. For the reasons that follow, the ALJ's decision is affirmed.

Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Though the claimant bears the burden of providing medical evidence showing he is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ has this basic obligation to develop a full and fair record without regard to whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). When a plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (stating that the claimant must show some prejudice before a court will order a remand to the Commissioner for further development of the record).

A review of the record shows that at the hearing, the ALJ properly inquired as to all of Plaintiff's alleged impairments. Plaintiff neither alleged in her application for DIB, nor in her testimony at the hearing, that her migraines were a disabling impairment (Tr. 36–56; 189–95).[2] Where, as here, a claimant fails to allege disability due to a particular impairment, the ALJ has no duty to consider or investigate such impairment. *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (finding that the plaintiff, who was represented at the administrative hearing before the ALJ, did not allege that she was disabled due to chronic fatigue syndrome when she filed the claim or during the administrative hearing, so the ALJ had no duty to consider such impairment); *Street v.*

---

[2] In addition to the ALJ, Plaintiff's counsel questioned Plaintiff, and her husband, at the hearing but failed to pose any question related to Plaintiff's headaches.

6

*Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (stating that, where the plaintiff failed to list any mental impairment or intellectual functioning issues in his application, nor testified about such issues at the hearing, such failure could dispose of his claim since an ALJ is under no duty to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability).

Even if the ALJ had a duty to develop the record on Plaintiff's migraines, Plaintiff fails to show any evidentiary gap or prejudice arising from that omission. Prejudice requires demonstrating that the ALJ did not have all the relevant evidence or did not consider all of the evidence in the record in reaching his decision. *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985). Here, the ALJ relied upon the medical records and the opinion of multiple physicians in reaching his decision. The nature of Plaintiff's migraines was shown in the medical records and medications list, but this evidence failed to demonstrate any work-related limitation (Tr. 462–63, 506–07, 509, 513, 524, 533, 543, 548, 551–52, 563, 573, 582, 651, 701, 727, 733, 742, 748). Particularly, the cited evidence shows that Plaintiff has a long history of migraines but fails to demonstrate that her migraines significantly limit her physical or mental ability to do basic work activities as required by the regulations. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality"); *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("the mere existence of . . . impairments does not reveal the extent to which they limit [a claimant's] ability to work") (citation omitted). Further, Plaintiff's

7

argument is speculative. Plaintiff's memorandum does not explain what specific limitations her migraines caused or how those unspecified limitations would have changed the ALJ's RFC assessment. *See Kelley*, 761 F.2d at 1540–41 (stating that no prejudice is found if there was no indication that the record was incomplete or inadequate and claimant's assertion that they might have benefitted from a more extensive hearing was speculative). Consequently, the Court finds that Plaintiff has failed to show that an evidentiary gap or prejudice exists in this case.

Finally, Plaintiff appears to argue that had the ALJ found Plaintiff's migraines to be a severe impairment, the VE's hypothetical would have included additional limitations (*see* Doc. 18 at 8). As discussed, the ALJ did not have to consider Plaintiff's migraines in his analysis of Plaintiff's impairments because Plaintiff failed to establish that her migraines caused any work-related limitations. *See Crawford v. Commr. Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (stating that an ALJ does not have to include limitations or conditions in a hypothetical to the VE that the ALJ has properly discounted or rejected as unsupported). Consequently, the ALJ was not required to include any limitation arising from Plaintiff's migraines in his hypotheticals to the VE.

## **CONCLUSION**

The ALJ's decision was supported by substantial evidence and employed the proper legal standards. Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

ORDERED in Tampa, Florida, on September 20, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE